**UNITED STATES of America, Appellee,**

v.

**Raymond J. MARSH, Defendant–Appellant.**

**No. 588, Docket 91–1429.**

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1991.

Decided Jan. 23, 1992.

John Wallenstein, Garden City, N.Y., for defendant-appellant.

Jeffrey B. Sklaroff, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., James B. Comey, Asst. U.S. Atty., on the brief), for appellee.

Before: FEINBERG, NEWMAN and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal in a Sentencing Guidelines case challenges enhancements of a base offense level both for more than minimal planning and for abuse of a position of trust. The challenge is made by Raymond J. Marsh on an appeal from the April 24, 1991, judgment of the District Court for the Southern District of New York (Shirley Wohl Kram, Judge) sentencing him on his plea of guilty to one count of bank embezzlement, in violation of 18 U.S.C. § 656 (1988). We conclude that the use of both enhancements did not violate either the Guidelines or the Double Jeopardy Clause, and we therefore affirm.

Facts

As an officer of the Amalgamated Bank of New York, Marsh had been involved in a $9 million embezzlement scheme from 1981 to 1989. Marsh was employed as an assistant manager, an assistant cashier, and ultimately as an assistant vice-president. His scheme involved the issuance of bank checks to various accounts at other banks, accounts that belonged to Marsh individually, to his relatives, to businesses in which he had an interest, or to his business associates. Marsh submitted fraudulent documentation to other bank officials to obtain the co-signatures required for the bank checks.

To fund the account on which the bank checks were drawn, Marsh made unauthorized charges against customer accounts and created corresponding credits in the account for official bank checks. When a customer complained of the unauthorized debiting of his account, the call was routed to Marsh, who restored funds to the customer's account by debiting either another

customer's account or the bank's account. When Marsh's scheme was discovered in October 1989, he had issued 331 unauthorized bank checks totaling slightly more than $8 million and had issued nearly $1 million in unauthorized credits to customer accounts.

The guideline calculation for Marsh's offense was made under the Guidelines in effect prior to November 1, 1989. Judge Kram started with a base offense level of 4, U.S.S.G. § 2B1.1 (1987), and added 13 levels for a bank loss exceeding $5 million, *id.* § 2B1.1(b)(1)(N) (current version, § 2B1.1(b)(1)(Q), which adds 16 levels). The District Judge then added two levels for more than minimal planning, *id.* § 2B1.1(b)(4) (current version, § 2B1.1(b)(5), and two more levels for abuse of a position of trust in a manner that significantly facilitated commission of the crime, *id.* § 3B1.3. Judge Kram then made a two-level reduction for acceptance of responsibility, *id.* § 3E1.1(a), for an adjusted offense level of 19. In Criminal History Category I, the applicable sentencing range was 30 to 37 months. Judge Kram imposed a sentence of 37 months, a $1 million fine, $1.5 million in restitution, and three years of supervised release.

### Discussion

Contrary to Marsh's claim, the District Court did not impermissibly double count by adding two levels for more than minimal planning and an additional two levels for abuse of a position of trust. These are not duplicative enhancements, reflecting identical facets of Marsh's conduct. An embezzlement offense can be committed by one who abuses his position of trust without more than minimal planning. And a person not subject to the abuse of trust enhancement, such as an ordinary bank teller, *see id.* § 3B1.3, comment. (n. 1), can commit the offense with more than minimal planning. When a ranking bank officer abuses his position of trust to facilitate commission of a crime and engages in more than minimal planning, he is properly subject to both enhancements. *See United States v. Georgiadis*, 933 F.2d 1219 (3d Cir.1991); *see also United States v. Harotunian*, 920 F.2d 1040 (1st Cir.1990) (affirming unchallenged imposition of both enhancements).

*United States v. McElroy*, 910 F.2d 1016 (2d Cir.1990), provides no support for appellant. Contrary to his assertion, enhancements for both more than minimal planning and abuse of trust were made in that case, as the District Judge's sentencing remarks make clear; the planning enhancement was not challenged on appeal.

Appellant's double jeopardy claim is entirely without merit. Since the sentence was within statutory limits, the double jeopardy challenge to the extent of punishment fails. *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984).

The judgment of the District Court is affirmed.