**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christine L. CHRISTIANSEN, Defendant–Appellant.**

No. 91–30155.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 1991 *.

Submission Deferred Dec. 17, 1991.

Resubmitted Feb. 21, 1992.

Decided March 3, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Nancy J. Shaw, Asst. Federal Public Defender, Anchorage, Alaska, for defendant-appellant.

Joseph W. Bottini, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before WRIGHT, THOMPSON and T.G. NELSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Christiansen embezzled over $96,000 from the credit union she managed, breaching the trust vested in her by her employer. She argues, however, that the district court erred when it enhanced her sentence for abuse of trust. The Sentencing Guidelines make clear that the enhancement may not be applied when the elements of the underlying offense include abuse of trust. Embezzlement appears to be just such an offense, for it involves a breach of trust. Yet because we discern a qualitative difference between a breach of trust and abuse of trust, we find that the abuse of trust enhancement may be applied to embezzlers such as Christiansen, whose position of trust contributed in a substantial manner to facilitating the crime.

I

Christiansen worked as the branch office representative of the Alaska USA Federal Credit Union in Bethel. Her duties included supervising employees and accounting for cash and negotiable instruments.

During her term as branch office representative, she failed to produce the required cash count reports. A surprise audit revealed that she had embezzled $96,795. She pleaded guilty to one count of embezzlement of credit union funds in violation of 18 U.S.C. § 657.

As recommended in the presentence report, the district court imposed two-point enhancements for "more than minimal planning" and "abuse of a position of trust." The court sentenced Christiansen to 17 months and ordered her to pay partial restitution. It also imposed three years of supervised release contingent on her completing 600 hours of community service.

## II

### A. Abuse of Trust

The Guidelines make clear that the abuse of trust enhancement may not be applied if abuse of trust is included in the elements of the specific offense. U.S.S.G. § 3B1.3. In excluding these offenses, the Sentencing Commission sought to prevent a defendant from being punished twice for the same conduct. Christiansen argues that because embezzlement involves a breach of trust, the enhancement should not be applied.

She was convicted of embezzlement under 18 U.S.C. § 657. The statute itself does not set forth the specific elements of the crime. Embezzlement is, however, a term of art with a well-developed definition. It involves "the fraudulent appropriation to his own use or benefit, of property or money entrusted to him by another, by a clerk, agent, trustee, public officer, or other person acting in a fiduciary character." Black's Law Dictionary 614 (rev. 4th ed. 1968). Finding a breach of trust is essential to an embezzlement conviction.

Courts have long focused on this element in considering embezzlement charges. In an early case, the Supreme Court described embezzlement as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." Moore v. United States, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895). Later courts have retained this requirement. For example, the Fifth Circuit reversed an embezzlement conviction after finding that the stolen funds had not been entrusted to the defendant. The court held that "[t]he essence of embezzlement lies in breach of a fiduciary relationship deriving from the entrustment of money." United States v. Sayklay, 542 F.2d 942, 944 (5th Cir.1976).

Given the role a breach of trust plays in an embezzlement conviction, embezzlement appears to fall within the category of offenses that the Guidelines exclude from the abuse of trust enhancement. Yet the Commentary suggests otherwise. It reads:

> [t]he position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons. This adjustment, for example, *would not apply to an embezzlement by an ordinary bank teller.*

U.S.S.G. § 3B1.3, Commentary, Application Note 1 (emphasis added). It follows that, at least in those instances involving embezzlement by someone in a significant position of trust, the enhancement may be applied.

Other sections of the Guidelines buttress this inference. For example, the Guidelines for embezzlement from employee pension plans specifically note that the abuse of trust enhancement may be applied. U.S.S.G. § 2E5.2, Commentary, Application Note 1. Similarly, the section on embezzlement from private sector labor unions allows for an abuse of trust enhancement. U.S.S.G. § 2E5.4, Commentary, Application Note 1.

We adopt the Third Circuit's reasoning in resolving this apparent contradiction. Rather than discounting the Commentary, the court in United States v. Georgiadis, 933 F.2d 1219 (3d Cir.1991), distinguished between breach of trust and abuse of trust. The court reasoned that an abuse of trust under the Guidelines required more culpable conduct than a breach of trust. Id. at 1225. Under this interpretation, the enhancement could be applied to embezzlers when the breach of trust was particularly egregious. This interpretation reconciles the apparent contradiction between the Guidelines and the Commentary.

■ In determining whether particular conduct constitutes a breach or an abuse of trust, courts must look to the role the position of trust played in facilitating the offense. The Commentary states that the enhancement may be applied only when the position of trust contributed in some "substantial" way to facilitating the crime. "Substantial" in this context has been interpreted to mean that, in addition to the elements of the crime, the defendant exploited the trust relationship to facilitate the offense. *See United States v. Hill,* 915 F.2d 502, 505 (9th Cir.1990).

■ Under this standard, Christiansen's conduct justified application of the enhancement. Her position as a branch representative not only allowed her access to large amounts of cash, but also made it possible for her to conceal the theft for an extended period of time. In other words, her position of trust facilitated her embezzlement in a manner not accounted for in the underlying offense.

B. More Than Minimal Planning

■ Christiansen argues that because the same conduct underlies both enhancements, the court erred when it imposed an abuse of trust and a more than minimal planning enhancement. Both of these enhancements can be applied to the same offense when each stem from different concerns. *Georgiadis,* 933 F.2d at 1227.

Christiansen's embezzlement scheme involved repeated thefts over two and a half years. Carrying out such an extended scheme required more than minimal planning. Abuse of trust, on the other hand, grew out of her position as branch representative and her ability to conceal her crime because of her position. The two enhancements stemmed from separate con-

cerns; the district court did not err in applying both.

AFFIRMED.