991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Donald B. ZARN, Defendant-Appellee.
 No. 92-5270.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 23, 1993
Decided: April 13, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-91-127-N)
 Richard Cullen, United States Attorney, James A. Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellant.
 Michael J. Gardner, Virginia Beach, Virginia, for Appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 The United States appeals from the sentence imposed by the district court, arguing that the court erroneously refused to enhance the sentence for "more than minimal planning," United States Sentencing Commission, Guidelines Manual, § 2B1.1(b)(5) (Nov. 1991), and for obstruction of justice, U.S.S.G. § 3C1.1. We vacate the sentence and remand for further proceedings.
 
 
 2
 Donald B. Zarn was found guilty of bank fraud, 18 U.S.C.A. § 1344 (West Supp. 1992), and misapplication of funds of a federallyinsured institution, 18 U.S.C.A. § 657 (West Supp. 1992). Following the sentencing hearing, the district court held that although more than minimal planning was involved in Zarn's commission of the misapplication of funds offense, misapplication necessarily encompasses more than minimal planning, thus the court declined to enhance the sentence under U.S.S.G. § 2B1.1(b)(5).
 
 
 3
 The district court also declined to impose the two-level enhancement for obstruction. Although the court found that Zarn had perjured himself and failed to cooperate with the probation officer, the court found that the enhancement was not available based upon this Court's ruling in United States v. Dunnigan, 944 F.2d 178 (4th Cir. 1991).
 
 
 4
 Zarn was sentenced to thirteen-months imprisonment* and three years of supervised release. The court also assessed a $25,000 fine, a $100 assessment, and restitution of $58,536.42. The Government appealed.
 
 I.
 
 5
 The district court misapplied U.S.S.G. § 2B.1.1 in finding that 18 U.S.C. § 657 encompassed more than minimal planning and that an enhancement pursuant to § 2B1.1(b)(5) could not be made. A defendant convicted of violating 18 U.S.C. § 657 may have his offense level enhanced for more than minimal planning. See United States v. Christiansen, 958 F.2d 285, 288 (9th Cir. 1992). More than minimal planning exists if, considering Zarn's relevant conduct, U.S.S.G. § 1B1.3, there was more planning than is typical for commission of the offense in a simple form, significant affirmative steps to conceal the offense, or repeated acts over a period of time, unless it is clear that each instance was purely opportune. U.S.S.G.s 1B1.1, comment. (n.1(f)). We therefore vacate Zarn's sentence and remand to the district court for a determination of whether the offense involved more than minimal planning. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).
 
 II.
 
 6
 On February 23, 1993, the Supreme Court reversed this Court's decision in Dunnigan, 944 F.2d 178, and held that upon a specific finding of perjury by a defendant, the two point enhancement for obstruction should be applied. United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S. Feb. 23, 1993). Upon objection to the obstruction enhancement the district court "must review the evidence and make independent findings necessary to establish" that the defendant committed perjury. Dunnigan, 61 U.S.L.W. at 4183. Although specific findings were made, Zarn did not contest the perjury finding, possibly in reliance upon the law as of the date of sentencing. See Dunnigan, 944 F.2d at 178. Therefore we also remand to the district court for a review of the evidence and independent findings on the obstruction of justice enhancement, giving Zarn the opportunity to be heard on the issue.
 
 
 7
 For the foregoing reasons, we vacate Zarn's sentence, and remand the case to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Zarn's offense level was thirteen and his criminal history category I, resulting in an imprisonment range of twelve to eighteen months