990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Scott HANSEN, Defendant-Appellant.
 No. 92-50600.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Scott Hansen appeals his sentence imposed following entry of a guilty plea to embezzlement of savings and loan funds by a savings and loan employee in violation of 18 U.S.C. § 657. Hansen contends that the district court erred by enhancing his base offense level for abuse of trust pursuant to U.S.S.G. § 3B1.3 because his conduct only suggested a "breach of trust." We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines and for clear error the district court's factual findings made during the course of applying the Guidelines. United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990).
 
 
 4
 The Guidelines provide for a two-level enhancement where the defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense. U.S.S.G. § 3B1.3. While this enhancement may not be applied where "abuse of trust" is an element of the specific offense, it may be applied to cases involving embezzlement by someone in a significant position of trust. United States v. Christiansen, 958 F.2d 285, 287 (9th Cir.1992) (distinguishing "breach of trust" element in embezzlement and "abuse of trust"). Where the embezzler's breach of trust was particularly egregious and the embezzler exploited the trust relationship to facilitate the offense, an enhancement for abuse of trust is warranted. Id. at 287-88.
 
 
 5
 Here, Hansen was employed from 1986 to 1990 as a credit card liaison officer for HomeFed Bank, formerly HomeFederal Savings and Loan. In this position, he had authority to issue credit cards through HomeFed Bank and had operations responsibility for the credit card department. Beginning in April 1987, Hansen set up fictitious credit card accounts and charged the accounts to their limit by making credit card cash withdrawals from automatic teller machines. He then "charged off" the balances due by making and causing entries to be made in various accounts through the internal bookkeeping system of the bank. In this manner, he embezzled $260,808 over a three year period and remained undetected until he confessed his crime. In his defense, Hansen told the probation officer that he and his manager had complained to HomeFed Bank that they were being given too much authority, but the complaint was ignored.
 
 
 6
 Under the standard set out in Christiansen, Hansen's conduct justified application of the abuse of trust enhancement. He was in a significant position of trust and his position as credit card liaison officer not only allowed him access to large amounts of cash but also permitted him to conceal the embezzlement for an extended period of time. See Christiansen, 958 F.2d at 287-88. In addition to committing a breach of trust, Hansen exploited the trust relationship to facilitate the offense. Id. at 288. Hansen's statement that he had warned his superiors that he was being given too much authority does not vitiate the abuse of trust but merely supports the district court's finding that he was in a significant position of trust.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3