Pat CATAPANO, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CV 93–0931.

United States District Court, E.D. New York.

June 18, 1993.

Pat Catapano, pro se.

Zachery Carter, U.S. Atty. by Karen Popp, Asst. U.S. Atty., Brooklyn, NY, for respondent.

*ORDER*

WEXLER, District Judge.

On June 17, 1991, Pat Catapano ("petitioner") pled guilty to an indictment charging him and two others with conspiracy to commit wire fraud and bank fraud stemming from his involvement in the fraudulent charging of customers' credit card accounts and the solicitation of charitable donations under false pretenses. The Probation Department determined that petitioner's plea was a level 18 offense under the Sentencing Guidelines and recommended a prison term of 27 to 33 months. Included in the Probation Department's determination was a two level enhancement under U.S.S.G. § 3B1.1(c) for petitioner's leadership role in the above-mentioned criminal activities and a separate two level enhancement under § 2F1.1(b)(2) because the offense involved more than minimal planning and/or more than one victim. On September 19, 1991, petitioner was sentenced to concurrent 33 month terms on six separate counts. Petitioner was represented by counsel at the sentencing, and no objection to the Probation Department's recommendation was made.

Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on the ground that sentencing enhancements under both § 3B1.1(c) and § 2F1.1(b)(2) constitute an impermissible double counting of a single criminal act of defrauding customers. For the reasons stated below, the petition is denied.

## I. BACKGROUND

Petitioner was an owner of Metro Rarities, a rare coin boiler room operation, and also represented himself as the President of Kid Watch, a defunct non-profit charitable organization that ostensibly furnished services for abused and missing children. Using a Kid Watch merchant account, petitioner charged customers' credit cards, obtained through Metro Rarities, for coins that were never delivered. After the initial Kid Watch merchant account was closed by Key Bank due to excessive charge backs and numerous consumer complaints, petitioner enlisted the aid of a sales representative for Peachtree Bank-

card to assist him in obtaining a new merchant account with the First Interstate Bank. Eventually this account too was closed.

In addition, petitioner defrauded a number of individuals by making solicitations for Kid Watch after that organization ceased performing the charitable services petitioner represented it still provided.

## II. DISCUSSION

Petitioner contends that an impermissible double counting occurred in his sentencing because "more than minimal planning" and playing a leadership role reflect identical facets of his criminal conduct. This argument fails for two reasons. First, it does not recognize that there are two alternative factors under § 2F1.1(b)(2) which this Court considered when imposing its sentence on petitioner; and second, the two enhancements at issue do not, of necessity, reflect identical aspects of the same acts.

Petitioner assumes that this Court relied on the "more than minimal planning" factor of § 2F1.1(b)(2) in calculating petitioner's offense level. However, § 2F1.1(b)(2) provides for a two level increase *either* for engaging in "more than minimal planning" *or* for "a scheme to defraud more than one victim." It is uncontested that petitioner defrauded many victims. Moreover petitioner does not, and can not contend that defrauding more than one victim is duplicative of playing a leadership role in the criminal activities. *See United States v. Campbell*, 967 F.2d 20, 25 (2d Cir.1992) ("[D]ouble counting is legitimate where a single act is relevant to two dimensions of the Guidelines...."). Accordingly, based on this Court's reliance on the "scheme to defraud more than one victim" factor of § 2F1.1(b)(2), rather than the "more than minimal planning" factor, petitioner's claim of double counting must be dismissed.

Furthermore, even if this Court relied exclusively on the "more than minimal planning" factor of § 2F1.1(b)(2), no impermissible double counting has occurred in this case. In *United States v. Marsh*, 955 F.2d 170 (2d Cir.1992), the Second Circuit held that an embezzlement offense could be enhanced for both "more than minimal planning" and an "abuse of a position of trust." The *Marsh*

court reasoned that these two increases are not necessarily associated with one another and, therefore, are "not duplicative enhancements reflecting identical facets of ... conduct." *Id.* at 171. "An embezzlement offense can be committed by one who abuses his position of trust without more than minimal planning," and conversely, a person who is not in a position of trust can exercise more than minimal planning in an embezzlement. *Id.; see also United States v. Nafzger,* 974 F.2d 906, 917 (7th Cir.1992) (double counting for two distinct aspects of a crime is permissible).

■ Similarly, one could have a leadership role in criminal activities that involve only minimal planning, or, conversely, engage in more than minimal planning without having a leadership function in the activities. One factor is not necessarily duplicative of the other. *See United States v. Boula,* 932 F.2d 651, 654 (7th Cir.1991) ("a defendant could have a key role in a criminal scheme that required minimal planning, and thus receive a section 3B1.1 enhancement because of the number of people involved and the defendant's leadership role."). Therefore, applying enhancements to petitioner's offense level for both "more than minimal planning" and "playing a leadership role" is permissible under the Sentencing Guidelines.

Petitioner relies on *United States v. Romano,* 970 F.2d 164 (6th Cir.1992). In *Romano* the district court had imposed sentencing increases under § 3B1.1(a) for being "an organizer or leader of a criminal activity that involved five or more participants," and under § 2F1.1(b)(2) for engaging in "more than minimal planning" in a scheme to defraud Medicaid and Blue Cross Blue Shield. The Sixth Circuit reversed, holding that an impermissible double counting occurred. The court reasoned that "by its very nature, being an organizer or leader of more than five

persons *necessitates* more than minimal planning." *Id.* at 167. (emphasis added).

The instant case is distinguishable in that petitioner was a leader of only two other persons while in *Romano* the petitioner was an organizer and manager of a significantly larger criminal group. Furthermore, the court in *Romano* emphasized the petitioner's role as an organizer of criminal activities.[1] As discussed above, playing a leadership role in a criminal activity does not *necessitate* the more than minimal planning that organizing a group of five or more individuals in a criminal activity entails. *See United States v. Sanders,* 982 F.2d 4, 8 (1st Cir.1992) (except in instances where the Guidelines explicitly prohibit double counting, a single factor can be used under two sections of the Guidelines to compute the sentence).

Petitioner's reliance on *United States v. Werlinger,* 894 F.2d 1015 (8th Cir.1990), is equally unavailing. In *Werlinger,* the district court applied a two level increase of the defendant's sentence for both "more than minimal planning" and an "obstruct[ion] ... of justice during the investigation or prosecution of the ... offense" under § 3C1.1 and the Eighth Circuit set aside the enhancement under § 3C1.1. The court reasoned that because the defendant's attempts at concealment occurred before the law enforcement authorities were even notified of the crime, the obstructing activity was not clearly within the parameters of § 3C1.1, but was covered instead by the § 2B1.1(b)(4) enhancement for "more than minimal planning."

Moreover, the court apparently found that the two increases were necessarily associated with each other. "It is difficult to imagine an embezzler who does not take some affirmative steps to conceal his wrongdoing. Concealment is crucial to the very success of the crime." *Id.* at 1017. Therefore, the court found that the district court's application of both enhancements was impermissible.[2] *Id.* at 1017–19.

---

1. Although § 3B1.1 provides for an increase of four levels "if the defendant was an organizer *or* leader of a criminal activity that involved five or more participants ...," the Sixth Circuit stated that the defendant's sentence was enhanced "for being an organizer *and* manager of the criminal activity...." *Romano,* 970 F.2d at 166. (emphasis added).

2. Under the court's reasoning, it appears that an enhancement under § 3C1.1 could not have been imposed even had it been the only increase in the offense level at issue in the case.

Petitioner in the instant case does not and can not argue that either of the enhancements at issue is inapplicable on its face. Moreover, as discussed above, enhancements for more than minimal planning and playing a leadership role are not necessarily related to each other. *See Marsh,* 955 F.2d at 171 (double counting is permissible where the two enhancements, of necessity, do not relate to the same behavior).

### III.   CONCLUSION

For the aforementioned reasons, Catapano's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

SO ORDERED.