14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Delene REID and Milton Mayfield, Defendants-Appellants.
 Nos. 93-1205, 93-1212.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges; LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants Delene Reid and Milton T. Mayfield were each charged with and convicted of one count of embezzlement of union funds and assets, in violation of 29 U.S.C. Sec. 501(c), and with one count of aiding and abetting the embezzlement by the codefendant, in violation of 18 U.S.C. Sec. 2. Both defendants appeal. We AFFIRM.
 
 I.
 
 2
 In her first argument on appeal, Reid contends that the district court did not permit her to cross-examine[1] adequately three witnesses concerning the alleged efforts of the current Local president Roger Holbrook to obstruct Reid's discovery of certain allegedly exculpatory records by refusing to comply with subpoenas issued for those documents. The records sought were pay records, including those from 1983 to 1985 (those of the prior, "Tillman" administration), that Reid supposedly reviewed with Mayfield in 1987 after they were returned by the DOL in another investigation; pay vouchers for other officers and union members; and, records of Reid's business expense vouchers and supporting documentation from 1987 and 1988. The records were significant to defendants' case to show that the previous administration had issued extra salary payments to itself. At trial, the court allowed Reid to show that the Local had been subpoenaed three times but not that she had to bring an order to show cause to finally get the records.
 
 
 3
 A district court's rulings regarding cross-examination are reviewed for abuse of discretion, although curtailment of defendant's cross-examination of a "star" government witness "must be more carefully scrutinized." Dorsey v. Parke, 872 F.2d 163, 166 (6th Cir.), cert. denied, 493 U.S. 831 (1989). We have reviewed the record with respect to these three witnesses, and we find absolutely no abuse of discretion in the trial judge's rulings; and that defendant had ample opportunity to make her point on cross-examination. There is no abuse of discretion.
 
 II.
 
 4
 Next, Reid argues that she was deprived of her right to a fair trial by the prosecutor's statement during closing argument that defendant was present because of charges brought by the grand jury. The statement was improper; however, it cannot be said that the alleged prosecutorial misconduct was so pronounced and persistent that it permeated the entire atmosphere of the trial so as to require the grant of a new trial. United States v. Payne, 2 F.3d 706, 712 (6th Cir.1993) (" 'Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding.' " (quoting United States v. Young, 470 U.S. 1, 12 (1985)). This argument is without merit.
 
 III.
 
 5
 Reid presents three separate arguments concerning the jury instructions. First, she contends that the district court erred in refusing to read her proposed jury instruction concerning her theory of the case. A trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) the instruction is not substantially covered by other delivered charges; (3) the failure to give the instruction impairs the defendant's theory of the case. United States v. Newcomb, 6 F.3d 1129 (6th Cir.1993) (citing United States v. Williams, 952 F.2d 1504, 1512 (6th Cir.1991)). However, a trial court commits reversible error in a criminal case when it fails to give an adequate presentation of a theory of defense. Id. (citing United States v. Plummer, 789 F.2d 435, 438 (6th Cir.1986)).
 
 
 6
 Although the district court did not read defendant's theory of the case, the instructions it did give adequately instructed the jury that they were not to convict if they found that defendants acted in good faith, or an "opinion honestly held," a point which was the underpinning of the defense's argument that their mistaken belief regarding extra pay was based on the supposedly DOL-sanctified practice of a prior administration. See United States v. Carr, 5 F.3d 986, 992 (6th Cir.1993) (no error simply because the court chose not to highlight explicitly the credibility problems inhering in accomplice testimony where instruction alerted jury to various considerations it should take into account in weighing testimony). There is no basis for reversal here.
 
 
 7
 Reid also objects to the court's failure to explain the significance of her having been charged by the grand jury following the government's comment. This objection is waived, however, because defendant did not request a specific instruction. Fed.R.Crim.P. 30. In addition, although not explicitly mentioning the grand jury, the court did instruct that the indictment was not any evidence of guilt. Finally, as already noted, the alleged prosecutorial misconduct was de minimis.
 
 
 8
 Third, Reid alleges that the lower court did not adequately explain to the jury the relevance of certain evidence concerning the possible wrongdoing by other Local administrations. Specifically, Reid asked that rather than giving the government's instruction that the jury was not to consider whether others may have committed an offense in reaching its decision (Sixth Circuit Criminal Jury Instruction 2.01), the jury be told that it could
 
 
 9
 consider this evidence [of others' guilt]; however, in understanding the background of this case, and in understanding the relationship between the different administrations of the [Local] and Department of Labor.
 
 
 10
 Reid's requested instruction does not satisfy the Williams standard for reversal; and in any event, the jury had already been told that it could consider all evidence that had a bearing on defendants' state of mind. Reversal is not required.
 
 IV.
 
 11
 Both Reid and Mayfield challenge as clearly erroneous the district court's refusal to suppress from evidence defendant Reid's deposition testimony from a parallel civil lawsuit. Defendants maintain that the evidence should have been suppressed as a product of compulsion because it was taken following actual sanctions and that it occurred under the threat of more serious sanctions.
 
 
 12
 It is well-settled that information provided during civil discovery is admissible in a criminal proceeding unless the defendant timely refuses to answer in the civil proceeding on Fifth Amendment grounds. See, e.g., United States v. Kordel, 397 U.S. 1, 9-10 (1970). Although the parties' devote pages to this argument, we think the issue easily resolved by the fact (as found by the district court) that there was no proof of state involvement in the civil action. United States v. Handley, 763 F.2d 1401, 1405 (11th Cir.) ("Impropriety in the taking of these depositions will authorize their suppression under the fifth amendment if and only if such conduct may be imputed to the government."), cert. denied, 474 U.S. 951 (1985); see also Colorado v. Connelly, 479 U.S. 157 (1986) (absent police conduct causally related to confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law). Cf. Harker v. Maryland, 800 F.2d 437 (4th Cir.1986) (testimony given by defendant's fellow inmate did not constitute admission of uncounseled confession, because inmate was not a government agent). That Brian Legghio, Local's counsel in the civil matter, referred evidence to the Department of Labor (DOL) does not alter this conclusion because the Local had independent purposes in bringing the civil suit. Handley, 763 F.2d at 1405. Nor did the Local's act of securing a court order convert the civil action to state action, See, e.g., Louisville Area Inter-Faith Comm. for United Farm Workers v. Nottingham Liquors, Ltd., 542 F.2d 652, 655 (6th Cir.1976), in the absence of an order to answer after a valid assertion of the privilege. Minnesota v. Murphy, 465 U.S. 420, 427 (1984). Moreover, we think the stronger inference to be drawn from the magistrate's requirement that the third deposition be conducted in her courtroom was so that she would be available to resolve any further disputes, including Fifth Amendment ones, should they arise. Thus, Reid's failure to assert her Fifth Amendment right and to seek a ruling from the magistrate judge are more accurately characterized as a waiver of the privilege.
 
 V.
 
 13
 Defendant Reid argues that the court erred in denying her motion for discovery of contact between the government and the union relating to her motion to suppress deposition testimony. Given Wendt's extensive testimony and the providing of all his correspondence to the Local concerning this investigation at the hearing, we hold that the district court did not abuse its discretion in denying further requests for discovery.
 
 VI.
 
 14
 Reid claims that the court erred in admitting evidence of an alleged prior false statement to the Internal Revenue Service. Reid's only objection at trial to this evidence was that of relevance; she has thus waived any other objection here. Notwithstanding, her Fed.R.Evid. 404(b) argument that the evidence was offered to show Reid's character is meritless, because its purpose was to make the explanation that payment of the utility bill with Local's money less plausible. Finally, it was also admissible under Fed.R.Evid. 608(b) as a prior specific instance of conduct by a witness attacking her credibility.
 
 VII.
 
 15
 Mayfield objected below and now on appeal to the district court's application of a two-level enhancement under U.S.S.G. Sec. 3B1.3, for abuse of a position of trust. The sentencing guideline provision governing embezzlement from a labor union, U.S.S.G. Sec. 2E5.4, directs the sentencing court to apply the general guideline provision for embezzlement set forth in U.S.S.G. Sec. 2B1.1 (larceny, embezzlement, and other forms of theft). In addition, the comment note to that section states in pertinent part that "[i]n the case of a defendant who was a union officer or occupied a position of trust in the union, ... an adjustment under Sec. 3B1.3 (Abuse of Position of Trust or Use of Special Skill) would apply." U.S.S.G. Sec. 2E5.4, comment. (n. 1). Mayfield argues that because the offense of conviction contains as an element the status as a union officer which, by definition, involves a position of trust, he is being punished "twice" for the same conduct. We review this question de novo. United States v. Levy, 992 F.2d 1081, 1084 (10th Cir.1993).
 
 
 16
 The Guidelines make clear that the abuse of trust enhancement is not applicable if abuse of trust or skill "is included in the base offense level or the specific offense characteristic." U.S.S.G. Sec. 3B1.3. The commentary to this section provides:
 
 
 17
 The position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller.
 
 
 18
 U.S.S.G. Sec. 3B1.3, comment. (n. 1).
 
 
 19
 As an initial matter, we note that the courts have adopted different views with respect to the meaning of the term "base offense level" as used in Sec. 3B1.3. See United States v. Queen, 4 F.3d 925, 928 (10th Cir.1993) (collecting cases). One approach looks to the elements of the underlying offense. See, e.g., United States v. Brann, 990 F.2d 98 (3d Cir.1993); United States v. Christiansen, 958 F.2d 285 (9th Cir.1992); United States v. Georgiadis, 933 F.2d 1219 (3d Cir.1991). These courts assume that breach of trust is inherent in the legal concept of embezzlement, but reconcile the apparent contradiction this assumption would cause between Sec. 3B1.1 and the commentary by distinguishing between breach of trust and abuse of trust. Christiansen, 958 F.2d at 287 (adopting Third Circuit's reasoning in Georgiadis, 933 F.2d at 1219). Under this view, an abuse of trust under the Guidelines requires more culpable conduct than a breach of trust, i.e., the enhancement is applicable when the breach of trust is particularly egregious. Id. (citing Georgiadis, 933 F.2d at 1225). Thus, in determining whether particular conduct constitutes a breach of trust or an abuse of trust, the court must examine the role the position of trust played in facilitating the offense. Id. at 288. If the position of trust contributed in some "substantial" way to facilitating the crime, the enhancement may be applied. Id. Substantial, as used here, means that in addition to the elements of the crime, the defendant has exploited the trust relationship to facilitate the offense. Id. (citation omitted). The other approach focuses not on the underlying statutory offense, but rather on the guideline base offense level and specific offense characteristics. Queen, 4 F.3d at 928 (and cases therein).
 
 
 20
 Under either view, defendant's argument fails. Applying the first approach, we note that the language of the offense of conviction itself, 29 U.S.C. Sec. 501(c) (made applicable to postal union employees by 39 U.S.C. Sec. 1209(b)), by its terms, applies to all union employees, whether officer or employee. Under this standard, Reid's conduct justified application of the enhancement. Id. His position as secretary/treasurer not only gave him control over the monies, including the signing of all checks, but is also afforded him the chance to conceal the theft for years, namely until after he completed his term in office. Christiansen, 958 F.2d at 288. Under the second approach, the result would be the same because neither the base offense level nor the specific offense characteristics of Sec. 2B1.1 contain as a factor abuse of a position of trust. Levy, 992 F.2d at 1084; United States v. Milligan, 958 F.2d 345, 347 (11th Cir.1992). Thus, under either approach defendant's enhancement was proper.
 
 
 21
 Mayfield also contends that Sec. 2E5.4 does not apply because the unambiguous language of that section only deals with embezzlement from unions in the private sector. We hold that Sec. 2B5.4 is the most analogous guideline pursuant to the authority of Sec. 2X5.1; and decline to address the government's primary response to this argument.
 
 
 22
 For all the foregoing reasons, defendant Reid's conviction is AFFIRMED; and defendant Mayfield's conviction and sentence are AFFIRMED.
 
 
 
 [1]
 In actuality, two of the three instances which Reid challenges involved her direct examination of the witnesses that she called. See Wendt TT., J.A. at 661; Green TT., J.A. at 332