47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dona M. HALL, Defendant-Appellant.
 No. 94-3395.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1995.
 
 Before: KEITH, NELSON and LAY,[1] Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a sentence imposed after the defendant pleaded guilty to three counts charging her with having violated 18 U.S.C. Sec. 2073 by making false entries as a United States Postal Service employee. The issue is whether the district court miscalculated the guideline sentencing range by enhancing the defendant's offense level improperly. Concluding that the guideline range was calculated properly, we shall affirm the sentence.
 
 
 2
 The defendant was employed as the Chief Window Service Clerk at the Beechwold Postal Station in Columbus, Ohio. Her duties included accounting for monies collected from businesses that used postal meters. Over a period extending from July of 1990 to July of 1991 the defendant diverted more than $16,000 of postal meter money to herself, making numerous false entries in the postal records to conceal the embezzlement.
 
 
 3
 The defendant initially pleaded not guilty to a 22-count indictment. After two days of trial, however, she changed her plea pursuant to a plea agreement.
 
 
 4
 The district court enhanced her offense level under the sentencing guidelines for "more than minimal planning," U.S.S.G. Sec. 2F1.1(b)(2)(A), and enhanced it again for "abusing a position of trust" (or "using special skill"), U.S.S.G. Sec. 3B1.3. The defendant's sole contention on appeal is that the application of both enhancements constitutes impermissible double punishment. She contends that the enhancements are duplicative and that the underlying conduct is subsumed in the base offense.
 
 
 5
 This court has heretofore rejected the contention that application of both the "abuse of position of trust" (or "special skill") enhancement and the "more than minimal planning" enhancement constitutes impermissible double punishment for the same offense. See United States v. Sloman, 909 F.2d 176, 181 (6th Cir.1990). Other circuits are in accord. See, e.g., United States v. Marsh, 955 F.2d 170, 171 (2d Cir.1992); United States v. Christiansen, 958 F.2d 285 (9th Cir.1992). The two enhancements in the case at bar clearly relate to different aspects of the defendant's conduct: the "abuse of position of trust" enhancement relates to the defendant's employment as Chief Window Service Clerk, while the "more than minimal planning" enhancement reflects the fact that the defendant engineered over twenty separate thefts within one year.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation