94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Corinna Theresa CHATTER, Defendant-Appellant.
 No. 96-10113.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Corinna Theresa Chatter appeals her 15-month sentence imposed following entry of a guilty plea to theft from an Indian Tribal Organization in violation of 18 U.S.C. § 1163. Chatter contends that the district court erred by enhancing her base offense level for abuse of trust pursuant to U.S.S.G. § 3B1.3. We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a person was in a position of trust. United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990). The district court's finding that defendant abused a position is reviewed for clear error. United States v. Foreman, 926 F.2d 792, 795-97. We affirm.
 
 
 3
 Chatter contends that the district court erred by enhancing her base offense level for abuse of trust because her position as the school's business manager did not place her in a position of trust. We disagree.
 
 
 4
 The Guidelines provide for a two-level enhancement where the defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense. See U.S.S.G. § 3B1.3. "[I]f one party is able to take criminal advantage of the relationship without fear of ready or quick notice by the second party, the second party has clearly placed a level of trust in the first." Hill, 915 F.2d at 506; see also United States v. Christiansen, 958 F.2d 285, 288 (9th Cir.1992) (upholding enhancement for a credit union manager whose position allowed her access to large amounts of cash and made it possible to conceal theft for extended period of time).
 
 
 5
 Here, Chatter held the position of business manager of the Little Singer Community School (LSCS). As the school's business manager, Chatter issued payroll checks to school employees and kept unissued checks in her custody. From July 1991 to April 28, 1994, Chatter issued herself payroll checks above the amounts she was entitled to receive. Additionally, as a fiduciary for the school employees' savings and pension fund, she ordered checks and withdrew funds without authorization. School officials were unaware of Chatter's activities until a biannual audit revealed a $169,862.89 loss.
 
 
 6
 In light of these facts, we conclude that the district court properly applied the abuse of trust adjustment in sentencing Chatter. See Christiansen, 958 F.2d at 288; Hill, 915 F.2d at 506.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3