110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rona Ray HOEHNE, Defendant-Appellant.
 No. 96-30191.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided March 26, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 MEMORANDUM**
 Defendant appeals from the portion of the district court's order assessing a two-point sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We hereby affirm.
 STANDARD OF REVIEW
 A district court's finding that a defendant obstructed justice is generally reviewed under a clearly erroneous standard. United States v. Morales, 977 F.2d 1330, 1331 (9th Cir.1992), cert. denied, 507 U.S. 966 (1993). However, the question of whether a defendant's conduct constitutes obstruction of justice for the purpose of increasing the offense level under U.S.S.G. § 3C1.1 is reviewed de novo. Id.
 
 
 1
 DESTRUCTION OF EVIDENCE DURING GOVERNMENT INVESTIGATION
 
 
 2
 The application notes of Section 3C1.1 provide that destruction or concealment of evidence material to an official investigation will justify an enhancement for obstruction of justice. U.S.S.G. § 3C1.1, comment. (n. 3(d)). Two key factors determine when misconduct with regard to official investigators can be considered obstruction of justice: defendant's knowledge regarding the coming investigation and whether the conduct materially hinders the investigation. Id.; U.S.S.G. § 3C1.1, comment. (n. 3(d)).
 
 
 3
 In the instant case, the defendant concealed and destroyed evidence to prevent the discovery of her crimes, and the conduct occurred just prior to the arrival of investigators. It is reasonable to infer that defendant knew, at a minimum, not only that an investigation was likely, but also that her actions would hinder investigators in their efforts.
 
 
 4
 Defendant lied to investigators at the beginning of the investigation, falsified receipts prior to the audit on September 19, 1994, and hid or destroyed records between September 17, 1994, and September 23, 1994. All of these acts taken together constitute a material hindrance to investigators. The Government could not prove the extent of the loss due to the destruction of records, and it was difficult for the district court to order restitution for that reason. The two-point enhancement for obstruction was proper.
 
 DOUBLE-COUNTING
 
 5
 Defendant claims that the district court's enhancement for obstruction of justice constitutes impermissible double-counting because the same conduct was also used to justify a sentence enhancement under U.S.S.G. § 2B1.1(b)(4)(A) for more than minimal planning.
 
 
 6
 Double-counting did not occur in the instant case because the district court properly considered different concerns raised by similar conduct in making the two different enhancements. Multiple enhancements will not be considered double-counting, even when based upon the same act, where that single act raises the concerns raised by both enhancements. In other words, two enhancements may be applied based upon the same act if each enhancement stems from different concerns or reflects different facets of the defendant's conduct. See United States v. Christiansen, 958 F.2d 285, 288 (9th Cir.1992).
 
 
 7
 For the reasons stated above, defendant's double-counting objection is also rejected.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3