116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rickey James COUCH, Defendant-Appellant.
 No. 96-10470.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-96-05148-OWW; Oliver W. Wanger, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ricky James Couch appeals his 210-month sentence imposed by the district court after he pleaded guilty to kidnaping in violation of 18 U.S.C. § 1201(a) and transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's legal interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. See United States v. Wills, 88 F.3d 704, 721 (9th Cir.), cert. denied, 117 S.Ct. 499 (1996). We affirm.
 
 
 3
 Couch contends that the district court erred by adjusting his offense level upward pursuant to U.S.S.G. § 3B1.3 for abusing a position of trust. As a threshold question, the government argues that Couch's appeal should be dismissed because he waived the right to appeal his sentence in the plea agreement. However, because the district court subsequently informed Couch that he had a right to appeal his sentence, Couch responded that he understood this right, and the government raised no objection, the plea agreement waiver cannot be enforced. See United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995).
 
 
 4
 U.S.S.G. § 3B1.3 provides a two-level upward adjustment in offense level "[i]f the defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3 (1995). A position of trust is distinguished by "the extent to which the position provides the freedom to commit a difficult-to-detect wrong." United States v. Pascucci, 943 F.2d 1032, 1037 (9th Cir.1991) (quoting United States v. Hill, 915 F.2d 502, 506 (9th Cir.1990)); see U.S.S.G. § 3B1.3 comment. (n.1) (providing example of a physician who sexually abuses a patient during an examination).
 
 
 5
 Here, Couch's position as his twelve-year old victim's martial arts instructor provided him with the freedom to associate with her and gain her confidence. It is unlikely that such an opportunity would have been available to a thirty-five-year old man who was not the victim's instructor. Moreover, Couch's position as the victim's instructor made it more difficult for the victim's parents and the police to discover his criminal activities and prevent him from abducting the victim. Thus, Couch obtained a position of trust with regard to the victim. See Pascucci, 943 F.2d at 1037; Hill, 915 F.2d at 506.
 
 
 6
 Couch exploited his trust relationship with the victim "in a manner that significantly facilitated the commission" and "concealment of the offense" when he induced her to leave her parents' house surreptitiously and travel with him to Canada. See Hill, 915 F.2d at 507 (quoting U.S.S.G. § 3B1.3); United States v. Christiansen, 958 F.2d 285, 288 (9th Cir.1992) (interpreting section 3B1.3 to require that defendant "exploited the trust relationship to facilitate the offense").
 
 
 7
 Accordingly, the district court did not err by adjusting Couch's offense level upward pursuant to U.S.S.G. § 3B1.3.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3