UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Anthony IRWIN,
Defendant–Appellant.

No. 00–30175.
D.C. No. CR–99–00371–GMK.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 22, 2001.

Before LEAVY, THOMAS, and
RAWLINSON, Circuit Judges.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM [2]

Michael Anthony Irwin appeals the 35 month sentence imposed following a guilty plea to possession of stolen mail in violation of 18 U.S.C. § 1708. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Factual findings made by a sentencing court are reviewed for clear error, *United States v. Barnes*, 125 F.3d 1287, 1290 (9th Cir.1997), and must be supported by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam).

■ Irwin contends that the district court committed clear error by applying a 10–level upward adjustment to his offense level based on its calculation of a total intended loss of over $200,000 dollars. This contention lacks merit because the district court's calculation of the amount of loss was supported by a preponderance of the evidence. Over $200,000 in stolen checks were recovered at the time and location of Irwin's arrest along with materials and equipment for the alteration of checks.

Additionally, a number of the stolen checks bore Irwin's fingerprints, and a co-defendant stated that Irwin took part in the theft of the checks. Accordingly, the sentencing court's determination of the amount of loss was not in error. *See Watts*, 519 U.S. at 157, 117 S.Ct. 633; *see also* U.S. S.G. § 2B1.1. cmt. n. 3 (providing that the loss need not be determined with precision, but rather a sentencing court need only make a reasonable estimate of the loss, given the available information).

■ Irwin also contends that the district court erred by applying a two point enhancement for more than minimal plan-

ning, because it was not supported by a preponderance of the evidence. This contention also lacks merit.

More than minimal planning is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. U.S.S.G. § 1B1.1 cmt, n. 1(f) (stating that this enhancement will apply especially frequently in property cases). Because Irwin was arrested on two separate occasions for markedly similar instances of possession of stolen checks, application of Sentencing Guidline § 2B1.1(b)(4)(A) was supported by a preponderance of the evidence. *See United States v. Lindholm*, 24 F.3d 1078, 1086–87 (9th Cir.1994) ("The fact that defendant's behavior was repeated and involved an extended period of time implicates appellant's scheme as involving more than minimal planning").

■ Irwin's argument that application of the minimal planning enhancement resulted in impermissible double counting because of a state court conviction for a similar incident occurring on October 7, 1998, also lacks merit. Here, Irwin is not being punished a second time solely for the October 7, 1998 conduct. Instead, he is being punished for the "more than minimal planning" involved in the overall scheme to possess and alter stolen checks. *Cf. United States v. Christiansen*, 958 F.2d 285, 288 (9th Cir.1992) (stating that if different enhancements stem from different concerns, both can be simultaneously applied). The district court therefore did not err in its application of Sentencing Guideline § 2B1.1(b)(4)(A).

AFFIRMED.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.