UNITED STATES of America, Plaintiff—Appellee,

v.

Norman Anthony KING, aka Norm King; Norman August Klaus, Defendant—Appellant.

No. 01–10720.
D.C. No. CR–95–00197–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2002.

Decided Dec. 23, 2002.

292

Before GRABER, FISHER and BERZON, Circuit Judges.

MEMORANDUM *

Appellant Norman Anthony King pled guilty to mail fraud and the use of a counterfeit postage stamp. The district court resentenced King after this panel affirmed King's conviction but vacated his sentence. *See United States v. King,* 257 F.3d 1013 (9th Cir.2001). King now appeals his conviction and his new sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ King waived his new argument that his indictment was defective, because he could have challenged the indictment's insufficiency in his first appeal but did not.

*See United States v. Nagra,* 147 F.3d 875, 882 (9th Cir.1998). King's argument that the panel must consider the issue because it is jurisdictional is incorrect. *See United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1784–85, 152 L.Ed.2d 860 (2002) (holding that a defective indictment does not deprive a court of jurisdiction).

■ The district court did not exceed the scope of the remand and did not err when it imposed a four-level leadership enhancement and a three-point criminal history enhancement based upon new theories first raised by the government on resentencing. We did limit the scope of the remand to a number of issues, but the district court was free to hear new evidence and arguments on those issues at resentencing. *See United States v. Matthews,* 278 F.3d 880, 885–86, 889 (9th Cir.) (en banc), *cert. denied,* 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002). Judicial estoppel does not bar the government's new arguments. *See Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782–83 (9th Cir.2001). Both enhancements are supported by the record, and the district court properly considered King's relevant conduct when imposing them. *See United States v. Lillard,* 929 F.2d 500, 502–03 (9th Cir.1991); U.S.S.G. § 4A1.1, cmt. nn. 4–5. It did not engage in impermissible double-counting. *See United States v. Christiansen,* 958 F.2d 285, 288 (9th Cir.1992).

■ Finally, the district court acted within its discretion in ordering that King's sentence run consecutively to his Nevada sentence. The record shows that the district court considered the commentary methodology found in the 1994 version of U.S.S.G. § 5G1.3. The district court had the parties' resentencing memoranda,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

which presented the methodology and hypothetical sentence calculations in detail, and the court heard arguments from both sides about application of the commentary methodology at King's resentencing. The district court also articulated good reasons for running King's sentence consecutively to his Nevada sentence rather than in the partially concurrent fashion suggested by the commentary methodology. *See United States v. Redman,* 35 F.3d 437, 441 (9th Cir.1994). Accordingly, King's sentence is AFFIRMED.