116 F.3d 486
 Prod.Liab.Rep. (CCH) P 27,664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 SYNAPSIS CORPORATION LIMITED, a Nevada corporation,
Plaintiff-Counter-Defendant-Appellant,
and
William S. AKEL, Counter-Defendant-Appellant,
v.
John W. VEENSTRA; Joan Nagelkirk Veenstra, Defendants-Appellees.
 No. 96-55447.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 2, 1997.
Decided June 6, 1997.
 Appeal from the United States District Court for the Central District of California, No. CV-92-02577-KN; David V. Kenyon, District Judge, Presiding.
 Before: SCHROEDER, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Synapsis Corporation Limited, a company which creates electronically generated forms, appeals the district court's order awarding attorneys' fees to John Veenstra, Joan Nagelkirk Veenstra, First Electronic Farms, and Technology Express, after granting summary judgment against Synapsis in its action alleging that the defendants had breached two contracts, engaged in fraud, infringed upon Synapsis' copyright and trademark, and engaged in unfair competition and RICO activities.
 
 
 3
 Synapsis argues that the district court abused its discretion in awarding $536,908.10 in attorneys' fees because (1) the defendants failed to segregate the work for which they were entitled to fees; (2) the district court erroneously awarded fees for Synapsis' copyright claim; and (3) the district court abused its discretion in awarding defendants the full amount.
 
 
 4
 First, it is well-established in California law that no apportionment is necessary where the issues litigated are interrelated and necessary to the defense or prosecution of claims for which fees may properly be awarded and those for which they cannot. Reynolds Metals Co. v. Alperson, 25 Cal.3d 124, 129-130 (1979). Because the issues presented by all of the 12 claims were intertwined with the claims based upon the two contracts, there was no need for the defendants to segregate their work.
 
 
 5
 Second, the Copyright Act allows a prevailing party to recover its attorneys' fees at the court's discretion. See 17 U.S.C. § 505. Because Synapsis never registered a copyright (a statutory prerequisite to bring such an action) upon which its claims might be based, the district court properly awarded attorneys' fees, finding the infringement claim unmeritorious.
 
 
 6
 Finally, defendants provided a detailed review of what services were performed, when such services were performed, what rates were charged, and all its efforts to settle this matter. Synapsis claims that the district court abused its discretion because the defendants failed to produce time records. In Gluck v. American Protection Indus., Inc., 619 F.2d 30 (9th Cir.1980), this court upheld an award of attorneys' fees with similar facts:
 
 
 7
 Nor was it an abuse of discretion to award fees to [counsel] despite his failure to produce time records. We cannot say that the information before the trial court regarding the nature and extent of [his] services was so inadequate that the trial court's reliance thereon in making the fee award constituted an abuse of discretion.
 
 
 8
 Id. at 33 (internal citation omitted).
 
 
 9
 We therefore conclude that Synapsis has failed to present compelling evidence that the district court abused its discretion in awarding $536,908.10 in attorneys' fees. Appellees' request for attorneys' fees incurred in this appeal is DENIED.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3