116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Byron J. SWAN, Plaintiff-Appellant,
v.
George A. SMITH; R. Banks, Correctional Officer; M.A.
Maciel, Correctional Officer, Defendants-Appellees.
 No. 96-16745.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 9, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-94-05662-REC (HGB); Robert E. Coyle, Chief Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Byron Swan, an inmate at California State Prison-Corcoran, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action, on motions to dismiss and for summary judgment, alleging that the prison warden and two corrections officers violated his rights under the First, Fourth, Eighth and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We vacate both the summary judgment and the Fed.R.Civ.P. 12(b)(6) dismissal, and remand for further proceedings.
 
 A. Standards of Review
 
 3
 We review de novo the district court's grant of summary judgment in favor of the corrections officers. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We review de novo the dismissal of Swan's claims against the prison warden under Fed.R.Civ.P. 12(b)(6). See Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995).
 
 B. Corrections Officers
 
 4
 Swan contends the district court erred by granting summary judgment to the corrections officers on the ground that Swan failed to file a timely opposition to the defendants' motion for summary judgment, in violation of Local Rule 230(m) of the United States District Court for the Eastern District of California.[1] We agree.
 
 
 5
 A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. See Henry v. Gill Indus., 983 F.2d 943, 950 (9th Cir.1993). The moving party must demonstrate the absence of genuine issues of material fact, regardless of whether the party against whom the motion for summary judgment is directed has filed any opposition. See Cristobal v. Siegel, 26 F.3d 1488, 1491 (9th Cir.1994). Here, the district court erred because it granted the defendants' motion based solely on the local rule violation and did not determine whether the defendants had met their burden of demonstrating the absence of triable issues. See Henry, 983 F.2d at 950. Accordingly, we vacate the summary judgment in favor of the corrections officers and remand.
 
 C. Prison Warden
 
 6
 Swan contends the district court erred by dismissing his claims against the prison warden, George Smith, pursuant to Fed.R.Civ.P. 12(b)(6). Although the district court correctly determined that Swan's complaint failed to allege sufficient facts to establish that Smith participated in or directed the alleged violations, or knew of the alleged violations and failed to act to prevent them, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989), the district court failed to provide Swan with a statement of the deficiencies in the complaint and an opportunity to amend, see Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987). Accordingly, we vacate the dismissal of Swan's claims against the prison warden.
 
 D. Other Issues
 
 7
 Swan contends the district court erred by failing to grant his motion for default judgment against one of the corrections officers. We disagree. Swan's motion for default judgment was stricken for failure to comply with Fed.R.Civ.P. 5(d).
 
 
 8
 Swan also contends the district court erred by denying his motion to compel. We disagree. The district court properly noted that Swan had failed to identify the discovery that he sought compelled, and suggested that Swan refile his motion to compel specifying the discovery he desired and allowing the defendants an opportunity to fully respond. Swan chose not to refile his motion to compel.
 
 
 9
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Local Rule 230(m) of the United States District Court for the Eastern District of California provides in relevant part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."