116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
$88,654.00 IN U.S. CURRENCY, Defendant,
Lonnie Maurice Ceasar, Claimant-Appellant.
 No. 96-17098.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.*
June 9, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CV-95-00611-RMB/RTT; Richard M. Bilby, District Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lonnie Maurice Ceasar appeals the district court's judgment in favor of the United States in this civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6). Ceasar contends the government failed to establish probable cause at the institution of the forfeiture action that the $88,654.00 seized by the government was connected to drugs. We have jurisdiction under 28 U.S.C. § 1291, and review the district court's grant of summary judgment de novo. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We affirm.
 
 
 3
 In a civil forfeiture case brought under 21 U.S.C. § 881, the government must initially demonstrate that it has probable cause to believe that the seized money was involved in an illegal drug transaction. See 19 U.S.C. § 1615; United States v. $5,644,540 U.S. Currency, 799 F.2d 1357, 1362 (9th Cir.1986). The government may meet this burden by showing that it has "reasonable grounds to believe that the [money] was related to an illegal drug transaction, supported by less than prima facie proof but more than mere suspicion." See United States v. U.S. Currency, $30,060, 39 F.3d 1039, 1041 (9th Cir.1994). The determination of probable cause is based upon the "totality of the circumstances." See United States v. One 1978 Piper Cherokee Aircraft, 91 F.3d 1204, 1208 (9th Cir.1996). We review the determination of probable cause de novo. See United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1146 (9th Cir.1989).
 
 
 4
 Here, the undisputed evidence establishes that Ceasar reserved his flight to Tucson at 12:55 a.m. for a 6:42 a.m. departure, paid $1,225 in cash for his ticket, and did not check any bags. See United States v. Sokolow, 490 U.S. 1, 8-9 (1989) (stating that the method of payment for plane tickets may be considered in determining reasonable suspicion for a Terry stop). Upon his arrival at the Tucson Airport, Ceasar averted his eyes when a uniformed officer stationed at the end of the jetway looked at him, and Ceasar looked back toward the officer while proceeding through the concourse. After Ceasar consented to a search of his bags, $83,654.00 was discovered in his garment bag. See United States v. $215,300 U.S. Currency, 882 F.2d 417, 419 (9th Cir.1989) (per curiam) (stating that "[c]arrying a large sum of cash is 'strong evidence' of [a connection to illegal drug activity]") (quoting United States v. U.S. Currency. $83,310.78, 851 F.2d 1231, 1236 (9th Cir.1988)). A trained and certified narcotics detection dog detected the presence of a narcotic odor on the currency. See U.S. Currency, $30,060, 39 F.3d at 1042 (stating that a positive canine alert is a factor to consider in determining probable cause). Ceasar gave conflicting statements regarding how much money he was carrying and why he was in Tucson, and was unable to provide any names or numbers of his alleged business contacts. See United States v. $191,910 U.S. Currency, 16 F.3d 1051, 1072 (9th Cir.1994) (stating that discrepancies in story may be a factor to consider in determining probable cause). When questioned about the source of the large sum of money, Ceasar responded that he had recently sold furniture and other personal items. The address Ceasar provided as his residence in Michigan was described as being in a crack cocaine neighborhood where numerous drug arrests had been made. See $5,644,540 U.S. Currency, 799 F.2d at 1363 (stating that the fact that the suspect had provided his address as a motel which DEA agents knew had been used in the past for drug trafficking was particularly significant to the probable cause determination). Telephone toll analysis for the address provided by Ceasar showed a number of calls made to known drug traffickers in Tucson in the weeks preceding the seizure. We conclude that, under the totality of the circumstances, the government had probable cause to institute the forfeiture action. See 19 U.S.C. § 1615.
 
 
 5
 Ceasar contends the district court erred by considering the telephone toll evidence, which was gathered after the DEA initiated administrative forfeiture proceedings, but before the government filed a judicial forfeiture complaint. We disagree. Under 19 U.S.C. § 1615, the government must have probable cause at the time it institutes the forfeiture "suit or action." The government institutes a forfeiture "suit or action" when it files a judicial forfeiture complaint. See $191,910 U.S. Currency, 16 F.3d at 1071 ("In seeking to establish that it had probable cause to bring these proceedings, the government may not rely on evidence acquired after the forfeiture complaint was filed."); cf. United States v. $87,118 U.S. Currency, 95 F.3d 511, 516 (7th Cir.1996) (stating that institution of "suit or action" means the commencement of formal judicial proceedings). Thus, because the telephone toll evidence was gathered prior to the filing of the judicial forfeiture complaint, the district court did not err in considering such evidence in determining whether the government had probable cause to institute the action.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3