116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martins TIMEHIN, Plaintiff-Appellant,
v.
CITY and COUNTY of SAN FRANCISCO, Defendant-Appellant.
 No. 96-15224.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
June 9, 1997.
 
 Appeal from the United States District Court for the Northern DIstrict of California,l D.C. No. CV-94-03322-DLJ; D. Lowell Jensen, District Judge, Presiding.
 Before NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martins Timehin appeals pro se the district court's dismissal of certain claims, and summary judgment on his remaining claim in this action brought pursuant to 42 U.S.C. § 1983. Timehin alleged that the City and County of San Francisco ("City") and its employees violated his Fourth Amendment rights during separate incidences in which he was falsely arrested, accused, searched, imprisoned, and committed to mental health facilities. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim, see Sabow v. United States, 93 F.3d 1445, 1450 (9th Cir.1996), and the district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 
 4
 Because Timehin appears to challenge the district court's order which dismissed all claims, except for the false arrest claim involving the July 20, 1994 incident, we construe this as a general contention that the district court erred by dismissing those claims. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988).
 
 
 5
 After conducting a de novo review of the record, we conclude that the district court properly determined that those claims were either barred by the statute of limitations, see Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir.1993) (per curiam), or the allegations were not specific enough to state a claim, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Because Timehin failed to allege facts sufficient to state a claim under section 1983, see Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988), the district court did not err by dismissing those claims.
 
 
 6
 Timehin contends that the district court erred by granting summary judgment for the City on his Fourth Amendment claim arising from a detention which occurred on July 20, 1994. This contention lacks merit.
 
 
 7
 Even if Timehin had shown a violation of his Fourth Amendment rights, he failed to establish a causal link between the alleged constitutional violation and City policy or custom. See City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978); cf. Pierce, 76 F.3d at 1059-1060. Accordingly, the district court did not err by granting summary judgment for the City on this claim. See Alexander v. City of San Francisco, 29 F.3d 1355, 1366-1368 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3