116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jamal David DIGGS, Defendant-Appellant.
 No. 96-16508.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 9, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Nos. CV-94-06117-REC, CR-92-05070-REC; Robert E. Coyle, District Judge, Presiding.
 NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jamal David Diggs, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 A. Ineffective Assistance of Counsel
 
 3
 Diggs contends that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 4
 Diggs first argues that defense counsel failed to object to inadmissible hearsay. Although Diggs does not specify what hearsay evidence he is referring to, it appears that he means statements made by Cory Dunn, a government informant, introduced via the testimony of a police detective, regarding other bank robberies that Diggs and Dunn may have been involved with. This argument fails because the record indicates that defense counsel objected to the introduction of this evidence on several occasions, and moved for a mistrial based on the admission of this evidence.
 
 
 5
 Diggs next argues that defense counsel induced him to waive his appeal rights by wrongly advising him that no grounds for an appeal existed and by threatening him with additional prosecutions for other offenses. We disagree. First, Diggs does not dispute that he was apprised of his appeal rights, but chose to sign a stipulation agreeing to waive his appeal rights in exchange for the government's promise not to prosecute him for another armed bank robbery. Second, the stipulation expressly provides that "[t]he defendant and his attorney acknowledge that no threats, promises or representations have been made ... to induce defendant to waive his right to appeal." Third, while Diggs vaguely claims that his waiver was not voluntary because his attorney threatened him with future prosecutions, he does not explain how his counsel, as opposed to the United States Attorney, could initiate further prosecutions.[1] Finally, Diggs's counsel's declaration avers that he discussed with Diggs the likelihood of success on appeal and the benefits of avoiding another prosecution for armed bank robbery. We agree with the district court that Diggs has not shown that counsel's performance was deficient by advising Diggs to waive his appeal rights in exchange for the government's agreement not to prosecute Diggs for another armed bank robbery.[2]
 
 
 6
 Diggs lastly argues that defense counsel was ineffective because points were added to the "presentence scoresheet" for possession of a weapon. We reject this argument because defense counsel objected to this sentence enhancement.
 
 
 7
 B. Non-Ineffective Assistance of Counsel Issues
 
 
 8
 Diggs contends that his confrontation rights were violated when he was unable to cross-examine Dunn.[3] However, Diggs's knowing and voluntary waiver of appeal precludes him from collaterally attacking his conviction on this ground. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.1993).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We deny appellant's May 7, 1997 request for appointment of appellate counsel
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Diggs does not dispute the district court's determination that the United States Attorney did not threaten Diggs with further prosecutions in order to obtain his waiver of appeal rights
 
 
 [2]
 In his appellate brief, Diggs lists a number of other ways in which his counsel was ineffective that Diggs did not raise in his 28 U.S.C. § 2255 motion or in his traverse to the district court. Because there are no exceptional circumstances warranting review of these arguments for the first time on appeal, we decline to address them. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (stating that we generally will not address arguments raised for the first time on appeal)
 
 
 [3]
 Diggs also contends that his right to be present at all critical stages of the trial proceedings was violated when he was not present at a hearing conducted by "defense counsels of record" to determine Dunn's availability to testify; that certain taped recordings should not have been admitted into evidence; and that the prosecution engaged in certain misconduct during closing argument. However, because Diggs did not raise these issues in his 28 U.S.C. § 2255 motion or in his traverse to the district court, we decline to address them. See Johnson, 988 F.2d at 945