116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Everado CELAYA, Defendant-Appellant.
 No. 96-50219.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1997*
Decided June 10, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CR-94-00877-RSWL-01; Ronald S.W. Lew, District Judge, Presiding
 
 
 2
 Before: HUG, Chief Judge; FERNANDEZ and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM**
 
 
 4
 Everado Celaya appeals from his sentence following his guilty plea to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 5
 * Celaya argues that the supervised release condition under U.S.S.G. § 5D1.3 that he enter a residential drug program upon release was not "reasonably related to the nature and circumstances of his offense and the history and characteristics of the defendant," because there was no evidence that Celaya ever used drugs in addition to selling drugs. Celaya did not object to the supervised release condition before the district court. As Celaya has shown no exceptional circumstances to excuse this failure, we decline to consider the issue for the first time on appeal. United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1994); see United States v. Manarite, 44 F.3d 1407, 1419 n. 18 (9th Cir.), cert. denied, 115 S.Ct. 2610 (1995); United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 502 U.S. 969 (1991).
 
 II
 
 6
 Celaya, in a pro se supplemental opening brief,[1] also contends that the district court erred in accepting the probation department's recommendation of a base offense level of 36, which was calculated using 1.065 kilograms of "actual" D-methamphetamine (i.e., 1.088 grams of 98% pure D-meth). See U.S.S.G. § 2D1.1(c)(2) (1994). He argues that the only reliable base offense level is 32, calculated on the basis of methamphetamine, as opposed to "actual" methamphetamine. We review for clear error the district court's factual findings regarding the quantity and purity of the methamphetamine. United States v. Wilson, 7 F.3d 828, 839 (9th Cir.1993), cert. denied, 511 U.S. 1134 (1994).
 
 
 7
 At sentencing, Celaya did not dispute that the total quantity of drugs on which he was sentenced was, on average, 98% pure. Instead, he argued that the government's forensic analyst improperly merged three separate bags of methamphetamine into one, which was homogenized and tested in its entirety for purity, when each bag should have been tested individually for purity. Celaya suggested that the three bags could have contained D-methamphetamine of widely varying purity levels, and had they been tested individually, each bag might have yielded a smaller percentage of pure D-meth than did the cumulative analysis. He argues on appeal that the unreliability of the purity testing forecloses a sentence based on "actual" methamphetamine. We cannot agree.
 
 
 8
 After hearing extensive testimony from the government's forensic expert, who had conducted the testing, the district court determined that "as far as the calculations are concerned, I do believe that there is sufficient indicia of reliability with regard to the performance of the tests to determine that the purity level of the methamphetamine would warrant the calculation as proposed by the probation officer." We cannot say the district court abused its discretion in crediting the forensic expert's testimony in determining that the purity tests were sufficiently reliable. See United States v. Ponce, 51 F.3d 820, 828 (9th Cir.1995). It was not clear error to sentence Celaya in accordance with the PSR base offense level computation of 36.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Celaya's appointed counsel on appeal briefed only the supervised release issue, but then forwarded to this court Celaya's supplemental pro se opening brief, addressing the base offense level calculation