116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent FALANGA, Jr., Defendant-Appellant.
 No. 96-10252.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided June 11, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-95-048-TUC-JMR; John M. Roll, District Judge, Presiding.
 Before: PREGERSON, FERGUSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vincent Falanga, Jr. appeals his conviction for fraudulently transferring property with the intent to defeat the bankruptcy code in violation of 18 U.S.C. § 152. Falanga contends that there was insufficient evidence to sustain his conviction and that his sentence was improper.
 
 
 3
 We reject all of his contentions except that we hold the trial court erred by applying a two-level enhancement to Falanga's sentence for obstruction of justice. For this reason, we reverse the district court and remand for resentencing.
 
 
 4
 Section 3C1.1 of the Sentencing Guidelines states:
 
 
 5
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 
 
 6
 U.S.S.G. § 3C1.1.
 
 
 7
 The Supreme Court, in United States v. Dunnigan, 507 U.S. 87, 94 (1993), included perjury as a type of conduct to which the enhancement for obstruction of justice could apply. To determine what constitutes perjury, the Court adopted the definition found in 18 U.S.C. § 1621, the federal perjury statute. § 1621(1) defines perjury generally as:
 
 
 8
 [H]aving taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true.
 
 
 9
 The trial court held that Falanga had perjured himself during trial when he stated that he was not responsible for removing the money from the bank account at Great American Bank. The district court adopted the reasoning in the addendum to the Pre-Sentence Report advocating for an obstruction enhancement. The addendum states:
 
 
 10
 The jury concluded Falanga's testimony was not credible and found him guilty of the fraudulent transfers. Falanga's testimony regarding his wife's actions and his interaction with the court administrator were viewed as untruthful. His testimony directly contradicted the evidence and testimonies of others involved in those instances.
 
 
 11
 The trial court supplemented this reasoning by stating:
 
 
 12
 The defendant testified during the trial. The defense maintains that the defendant had the right to put on a defense and to testify, and I think that is beyond dispute.
 
 
 13
 On the other hand, I don't think that--while someone has the right to put the Government to its proof, they do not also have a right to testify falsely, and I don't think that if the jury was to believe what the defendant testified occurred, it would have been possible for the jury to convict him of that offense, so the jury has clearly resolved the issue against the defendant, and I will overrule the objection concerning the assessment of point in connection with perjury.
 
 
 14
 The Supreme Court in Dunnigan held that because "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury," a district court "must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." 507 U.S. at 95 (citations omitted). It simply is not enough under 18 U.S.C. § 1621 to merely find false testimony. The statute demands other specific requirements such as materiality, and willfulness rather than confusion, mistake or faulty memory.
 
 
 15
 The district court failed to adequately state independent findings to support its conclusion that Falanga had perjured himself.
 
 
 16
 Therefore, we REVERSE and REMAND the decision of the district court for resentencing.
 
 
 17
 KLEINFELD, Circuit Judge, concurring and dissenting:
 
 
 18
 I concur in the disposition, except for our reversal based on the sentencing enhancement for obstruction of justice. Read in context, I think the district judge's reasons sufficed under United States v. Dunnigan, 507 U.S. 87 (1993). Materiality was established by the judge's determination that the jury could not have reached the conclusion it did had it believed Falanga. Willfulness was apparent from the circumstances. I do not read the trial judge's remarks to imply that he would impose the adjustment merely because a defendant testified and was convicted.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3