116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Steven BAILEY, Defendant-Appellant.
 No. 95-50590.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997*
Decided June 11, 1997.
 
 Appeal from the United States District Court for the Central District of California, CR-91-00059-AWR; A. Wallace Tashima, District Judge, Presiding.
 Before: MAGILL**, RYMER and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Kenneth Steven Bailey appeals the district court's sentencing decision after his conviction under 18 U.S.C. § 1029 for producing and trafficking in counterfeit access devices. We affirm.
 
 
 3
 Bailey argues that his conduct--altering cellular telephone integrated circuits to permit unauthorized access to cellular telephone service without charge--was not criminalized under the version of 18 U.S.C. § 1209 applicable to his case. This Court has already decided this question against Bailey in an earlier appeal. United States v. Bailey, 41 F.3d 413, 418 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 2563, 132 L.Ed.2d 815 (1995). Bailey's arguments are therefore barred by the law of the case. In re Rainbow Magazine, 77 F.3d 278, 281 (9th Cir.1996); Kimball v. Callahan, 590 F.2d 768, 771 (9th Cir.), cert. denied, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979).
 
 
 4
 Bailey also challenges the district court's enhancement of his sentence for the amount of loss under U.S.S.G. § 2F1.1. Bailey did not object to the district court's loss calculation at the sentencing hearing. He has therefore waived his objections to the court's loss calculation on appeal. See United States v. Flores-Payon, 942 F.2d 556, 558-60 (9th Cir.1991); United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 502 U.S. 969, 112 S.Ct. 442, 116 L.Ed.2d 460 (1991).
 
 
 5
 Finally, Bailey argues the district court erred in refusing him a reduction for acceptance of responsibility. He contends that from the moment of his arrest, he admitted his involvement in the modification of cellular telephones and indicated his willingness to cooperate with the authorities. The issue that lead to his trial, he argues, was not whether he produced the modified chips, but rather whether the pre-amended version of § 1209 applied to criminalize his conduct.
 
 
 6
 Whether or not a defendant has accepted responsibility for her crime is a factual determination reviewed for clear error. United States v. Gonzales, 897 F.2d 1018, 1019 (9th Cir.1990). Because " 'the sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility[,] the determination of the sentencing judge is entitled to great deference and should not be disturbed on review unless without foundation.' " United States v. Innie, 7 F.3d 840, 848 (9th Cir.1993) (quoting U.S.S.G. § 3E1.1 application note 5), cert. denied, 511 U.S. 1042, 114 S.Ct. 1567, 128 L.Ed.2d 212 (1994).
 
 
 7
 The Sentencing Guidelines provide that a defendant who "goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct )," may still be entitled to a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1 application note 2 (emphasis added). Clearly if the district court refused to reduce Bailey's sentence under § 3E1.1 solely because he challenged § 1209's applicability to his conduct, that would have been error. However, the district court did no such thing. Rather, after observing Bailey during the course of the trial, the court found that Bailey never accepted responsibility for his conduct apart from his challenge to § 1209's applicability. In the district court's words, Bailey never "own[ed] up to" the role he played in defrauding cellular service providers. This finding was not clearly erroneous.
 
 
 8
 Bailey testified that he did not modify the microchips voluntarily, but was coerced into doing so by Allen, who was threatening him and his family. He testified that he knew the chips were being used for illegal purposes and that he had no wish to defraud anyone, so he intentionally "booby-trapped" his chips--he programmed bugs into them so that they would not work, or programmed them so that calls made from phones containing them would immediately be identified by service providers as invalid. This testimony provides sufficient foundation for the district court's conclusion that Bailey was not entitled to a reduction for acceptance of responsibility.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3