116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Richard Paul GEORGES, Defendant-Appellant.
 No. 96-50158.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997
June 17, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CR-92-00045-TJH-3; Terry J. Hatter, District Judge, Presiding.
 
 
 2
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI, Judge**
 
 
 3
 MEMORANDUM*
 
 
 4
 Defendant-appellant Richard Paul Georges ("defendant" or "Georges") raises three issues on appeal: (1) there was insufficient evidence to support his conviction; (2) the judge failed to properly instruct the jury as to the limited evidentiary use of co-conspirator testimony; and (3) defense counsel's representation of Georges constituted ineffective assistance of counsel. We affirm.
 
 
 5
 * The evidence was sufficient to support Georges' convictions for mail fraud, wire fraud, and conspiracy to commit mail and wire fraud. To sustain a conviction for mail or wire fraud, there must be sufficient evidence of a "specific intent to defraud." United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992). Contrary to Georges' allegation that he merely relayed information without knowledge of its truth or falsity, the government sustained its burden of producing evidence from which a jury could conclude beyond a reasonable doubt that George knowingly made false representations. See United States v. Beecroft, 608 F.2d 753, 757 (9th Cir.1979).
 
 
 6
 The evidence established that defendant functioned essentially as the chief financial officer and chief executive officer of Outre, Inc. ("Outree") and was intimately involved with Outre operations. Defendant wrote the sales materials sent to investors which contained misrepresentations of the prospects for finding oil and Outre financial investment in the project. Moreover, when one of the wells hit oil and encountered a "water problem", defendant mischaracterized the extent of the problem to investors, describing the decreased drilling as a strategic decision instead of an unexpected problem.
 
 
 7
 Defendant's conduct near the end of his employment at Outre also would allow a trier of fact to infer knowledge. Defendant began using investor funds for personal use. United States v. Boone, 951 F.2d 1526, 1537 (9th Cir.1991) (use of investor funds for personal benefit is probative of fraudulent intent). Moreover, he lied to a case agent investigating Outree. In addition, he wrote a memorandum to employees of his new company explaining that while employed at Outree "played all kinds of financial games, and manipulated the part of the situation I could control .... and with the price of oil staying very low, I did not see any way of reworking old fields."[1]
 
 
 8
 After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the element of the crime challenged beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Georges' role in creating the marketing materials and in informing the sales team of financial projections, ensured that he had an integral role in perpetuating the misrepresentations made to the investors. His role in the company also ensured that he knew Outree's actual financial situation and therefore knew that the representations made in the brochures were misleading. In addition, the evidence shows that Georges directly made misrepresentations to the investors. Thus, there is sufficient evidence to sustain the conviction.
 
 II
 
 9
 Georges challenged the court's instruction governing the limited evidentiary use of the testimony of co-conspirators that pleaded guilty. When, as here, the defendant proposes the jury instruction and later challenges that instruction on appeal, the court must deny review under the invited error doctrine. See United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.), cert. denied, 508 U.S. 967 (1993); United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991).
 
 
 10
 Georges also argues that the district court erred by failing to give a cautionary instruction, sua sponte, at the time of the relevant testimony. As defendant did not object at the time of trial, we review for plain error. United States v. Berry, 627 F.2d 193, 199 (9th Cir.1980), cert. denied, 449 U.S. 1113 (1981).
 
 
 11
 A district court is not required to instruct the jury at the time of testimony.[2] As we stated in United States v. Halbert, 640 F.2d 1000, 1006-07 (9th Cir.1981), while "[t]he most effective practice would be to instruct the jury when the evidence of the plea is admitted, and again in final instructions," the failure to do so may be offset by proper final instructions. Id.; see also United States v. Rewald, 889 F.2d 836, 865 (9th Cir.1989) (failure to instruct the jury at the time of the testimony was not an abuse of discretion as the final instructions were appropriate), cert. denied, 498 U.S. 819 (1990). Thus, the failure to give a limiting instruction at the time of the testimony was not plain error as the court gave adequate final instructions which noted that a witness' own guilty plea can be used only to assess the credibility of the witness and not as evidence of defendant's guilt.[3]
 
 III
 
 12
 Defendant's claim of ineffective assistance of counsel is before the court on direct appeal. This court has repeatedly held that "the customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255 ... and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985) (citing United States v. Birges, 723 F.2d 666, 670 (9th Cir.1984)). Although there are two exceptions to the preferred practice,[4] neither applies and thus this claim is premature.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir. R. 36-3
 
 
 [1]
 The court declines to take judicial notice of Georges' testimony in a separate trial attempting to explain the meaning of this memorandum. only the factual evidence produced at the instant trial is relevant
 
 
 [2]
 Defendant relies upon a Fifth Circuit case, United States v. Harrell, 436 F.2d 606 (5th Cir.1970), to suggest that an instruction at the time of the testimony is required. In Harrell, the conspiracy consisted of two people, the witness who pleaded guilty and the defendant. Id. at 614. At the time of the testimony and at the end of the trial, essentially no limiting instructions were given as to the evidentiary use of the co-conspirator's testimony. Id. The court found plain error because the district court failed to give any cautionary instructions, and not as defendant suggests, solely because the court failed to give a warning at the time of the testimony. See id. at 616-17
 
 
 [3]
 Defendant also argues that the court erred by not giving a cautionary instruction during the prosecutor's opening statement which mentioned that the prosecution's witnesses would include co-conspirators who pleaded guilty. We reject this argument as the court instructed the jury that the prosecutor's statements were not considered evidence and for the reasons given above
 
 
 [4]
 The two exceptions are: "1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or 2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992) (citations omitted)