116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gloria TUPUL-SANAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICES, Respondent.
 No. 96-70171.
 United States Court of Appeals, Ninth Circuit.
 Submitted** February 26, 1997.
Decided June 17, 1997.
 
 Before: CHOY, FERGUSON, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tupul-Sanan appeals the denial of her applications for asylum and withholding of deportation. She concedes deportability, but she claims that she fears a return to Guatemala would result in persecution by guerrillas due to her husband's former activities in the Civil Defense Force ("CDF"). Substantial evidence supports the decision of the Board of Immigration Appeals ("BIA"), so we deny her petition for review.
 
 
 3
 Initially, we find that our review of the petition is proper under 8 U.S.C. § 1105a(a). We reject the INS's contention that Tupul-Sanan waived her right to petition for review because she contends only error on the part of the Immigration Judge ("IJ"). In her brief, Tupul-Sanan contends that the IJ erred in this case and she concludes that "the decision in this case was incorrect and we request that [I] be granted political asylum." While we are limited to review of decisions of the BIA, Acewicz v. INS, 984 F.2d 1056, 1059 (9th Cir.1993), we construe Tupul-Sanan's petition to challenge the BIA's decision not to reverse the IJ's rejection of her applications for asylum and withholding of deportation.
 
 
 4
 We also reject the INS's contention that Tupul-Sanan did not raise to the BIA the issue of persecution as a result of imputed political opinion. Cf. Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (noting that court has no jurisdiction on appeal unless alien exhausted administrative remedies). Tupul-Sanan's notice of appeal to the BIA stated that her fear of persecution resulted from her husband's forced association with the CDF as well as the severe stabbing of her child. The allegation regarding her husband's forced association with the CDF raised the issue of imputed political opinion to the BIA, and the BIA's discussion of the stabbing her child by guerillas indicates its awareness that her fear was based on her husband's activities.
 
 
 5
 Turning to the merits, we review the factual determinations underlying the BIA's denial of asylum, including whether the alien has proved a well-founded fear of persecution, under the substantial evidence standard. Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996). "The BIA's denial of asylum 'can be reversed only if the evidence presented by [the alien] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.' " Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). We review denial of withholding of deportation under the same standard. Id.
 
 
 6
 Tupul-Sanan's reliance on the imputed political opinion doctrine to establish her asylum claim fails because her husband's forced participation in the CDF is insufficient to compel the conclusion that her fear of future persecution was due to a political view. Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991). Moreover, even if we accepted her husband's activities as imputing a political opinion to her, the record does not compel the conclusion that her fear of persecution as a result of that view was well-founded. Tupul-Sanan's several encounters with the armed civilians did not result in violence to her. Her husband testified he himself was never directly threatened by the guerrillas while he was in Guatemala working for the CDF.
 
 
 7
 While unfortunate, her son's stabbing in July 1990 does not compel the conclusion that her fear of persecution was well-founded. Although allegations of violence against an alien's family that create a pattern of persecution may serve to establish a well-founded fear of persecution, allegations of isolated violence are not enough. Arriaga-Barrientos, 937 F.2d at 414. Tupul-Sanan herself lived in the same town for four years after the incident without further harm, and her children apparently still live there in the care of their grandparents, further undercutting her claim of a well-founded fear. Aruta, 80 F.3d at 1395.
 
 
 8
 Finally, we hold that Tupul-Sanan also failed to establish that she qualifies for withholding of deportation under 8 U.S.C. § 1253(h) under the "clear probability of persecution" standard set forth in INS v. Stevic, 467 U.S. 407, 429-30 (1984). That standard is stricter than the "well-founded fear" standard for her asylum application. Aruta, 80 F.3d at 1396. Because Tupul-Sanan failed to meet the lesser standard, she cannot meet the stricter one.
 
 
 9
 Accordingly, Tupul-Sanan's petition for review is
 
 
 10
 DISMISSED.
 
 FERGUSON, Circuit Judge, dissenting:
 
 11
 I must dissent from the majority opinion. I do so based upon the severe stabbing of the petitioner's young son.
 
 
 12
 Ms. Tupul-Sanan describes this terrible incident:
 
 
 13
 I was not home at the time, since I had a sick child and had to go get a doctor. Because of weather conditions, I was not able to return home on that day. The guerrillas came to our house and not just asked for [my husband] and also asked for me. My mother told them that I was gone for the night and the soldier then said that somebody had to pay and he stabbed my son. As the guerrillas left they warned us not to report this incident to the authorities and that if my husband did not show up within 15 to 20 days the family would pay the consequences. After my son was stabbed, neighbors responded quickly and were able to save my child's life. However, we were severely traumatized by the incident.
 
 
 14
 The decision of the Immigration Judge clearly reveals a valid fear of persecution. However, the Immigration Judge and Board of Immigration Appeals brushed it aside based on the fact that no further incidents occurred during the four years between the stabbing of her son and when petitioner actually left Guatemala.
 
 
 15
 We have long recognized that "acts of violence against a petitioner's friends or family members may establish a well-founded fear, notwithstanding an utter lack of persecution against the petitioner." Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991). Unlike Arriaga-Barrientos, where the court held that the abduction of two geographically distant brothers by unknown gunmen for unknown reasons did not establish a well-founded fear of persecution, Tupul-Sanan showed that the stabbing of her young son at her home was politically motivated based on the activities of her husband.
 
 
 16
 Furthermore, it is clear that during the four year period between the stabbing of her son and when petitioner fled Guatemala, she abandoned her home and stayed with different relatives. She remained hidden until she left the country.
 
 
 17
 The majority notes that petitioner's children are living with their grandparents in Guatemala and have not been harmed. That does not prove anything about the possible persecution of petitioner because she was married to a man who had served in the Civil Defense Force. Our attention should be focused on whether past events create a well-founded fear of future persecution. As the Supreme Court in INS v. Cardoza-Fonseca held, "So long as an objective situation is established by evidence, it need not be shown that the situation will probably result in persecution, but that is enough that persecution is a reasonable possibility." 480 U.S. 421, 440 (1986) (quoting INS v. Stevic, 467 U.S. 407, 424-25 (1983)).
 
 
 18
 The stabbing of Tupul-Sanan's son is enough to establish a well-founded fear of persecution and the fact that there were no further stabbings because she stayed hidden from her persecutors does not show a lack of persecution or a lack of fear of future persecution.
 
 
 19
 In addition, even if Tupul-Sanan lacks a well-founded fear of persecution, the past persecution was severe enough that asylum is warranted. In Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989), the Board of Immigration Appeals explained that past experiences of severe persecution where there is little threat of future persecution, may have extreme emotional and psychological repercussions such that humanitarian concerns warrant the grant of asylum. The stabbing of petitioner's child rises to the level of such severe persecution.
 
 
 20
 For the reasons articulated above, I DISSENT.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3