116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pedro E. SUPSUPIN,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70208.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1997**
Decided June 19, 1997.
 
 Appeal from the Board of Immigration Appeals, No. Aok-uni-wwu.
 Before: GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pedro E. Supsupin, a native and citizen of the Philippines, seeks review of a Board of Immigration Appeals ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we affirm.
 
 
 3
 Because the BIA clearly incorporated the IJ's opinion denying § 1182(c) relief, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the IJ's balancing of the equities in making a § 1182(c) determination for abuse of discretion. Id.
 
 
 4
 In 1987, Supsupin was convicted of sexually molesting his step-daughter. The IJ refused to grant relief from deportation under § 1182(c) primarily because of this fact. In making this decision, however, the IJ considered in detail the numerous other factors both favorable and adverse to Supsupin. We conclude that the IJ thus fulfilled its obligation to "show proper consideration of all factors when weighing equities and denying relief." Id. at 1381. We also conclude that because of the serious nature of Supsupin's crime, the IJ did not abuse its discretion in denying relief.
 
 
 5
 In addition, we affirm the BIA's decision refusing to remand the case to the IJ to consider new evidence presented by Supsupin on appeal to the BIA. The BIA treated the evidentiary submission as a motion to remand and refused to consider it in part because Supsupin did not demonstrate that the evidence was previously unavailable. We conclude that the BIA's decision was not an abuse of discretion. A motion to remand is governed by the same standards as a motion to reopen, see Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987), and the BIA's rationale was a proper basis for denying the motion. See INS v. Abudu, 485 U.S. 94, 104 (1988) (holding that BIA may deny motion to reopen where movant has failed to introduce any previously unavailable, material evidence).
 
 
 6
 We are unable to consider Supsupin's ineffective assistance of counsel claim because he did not raise it before the BIA. See Liu v. Waters, 55 F.3d 421, 425-26 (9th Cir.1995); Areaza-Cruz v. INS, 39 F.3d 911, 912 (9th Cir.1994).
 
 
 7
 Finally, we note that in his brief Supsupin mentions in passing that the IJ refused to evaluate his eligibility for relief from deportation under either § 245 of the INA, 8 U.S.C. § 1255, or § 216 of the INA, 8 U.S.C. § 1186a, due to his remarriage to a United States citizen. Even if Supsupin had developed this argument in his brief, we would be precluded from considering it because he did not raise it before the BIA. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the BIA constitutes failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").
 
 
 8
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3