116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Betty Jean DAVIS, Defendant-Appellant.
 No. 96-10356.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1997**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-94-05280-REC; Robert E. Coyle, Chief Judge, Presiding.
 Before: REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Betty Jean Davis appeals the sentence imposed following her conviction for making false statements to a financial institution and for bankruptcy fraud, both felonies. Davis challenges the district court's calculation of the amount of loss and imposition of a two-level increase for obstruction of justice. Finding no merit to either of Davis' claims, we affirm.
 
 
 3
 The district court correctly concluded that Davis, who had $300 in the bank and no employment income at the time she obtained a loan to purchase a $50,000 Mercedes Benz automobile, had no intent to repay the loan. Accordingly, the district court properly calculated the amount of loss as the cost of the car, which the loan was used to obtain. According to the sentencing guidelines:
 
 
 4
 In fraudulent loan application cases ... the loss is the actual loss to the victim....However, where the intended loss is greater than the actual loss, the intended loss is to be used.
 
 
 5
 U.S.S.G. § 2F1.1, application note 7(b) (emphasis added).
 
 
 6
 The district court therefore properly increased Davis' sentence five levels on the basis of a loss equal to the value of the car. See United States v. Mullins, 992 F.2d 1472, 1479 (product's fair market value is appropriate measure of intended loss); U.S.S.G. § 2F1.1(b)(1)(f) (five-level increase for loss greater than $40,000).[1]
 
 
 7
 In addition, the district court properly imposed a two-level upward adjustment for obstruction of justice. See U.S.S.G. § 3C1.1. Davis "provid[ed] materially false information to a probation officer" in response to a question concerning the whereabouts of a $12,000 cashier's check. See id. § 3C1.1, application note 3(h). Moreover, the presentence report properly characterized Davis' behavior during the case as manipulative and deceitful. Davis not only tried to conceal the automobile from her creditors (at the same time attempting to discharge in bankruptcy the loan she obtained to purchase it), she continued to conceal the whereabouts of the car throughout her indictment and trial. It was not error, or anything even remotely close to it, for the district court to impose a two-level obstruction of justice increase.
 
 
 8
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We note that it makes no difference that Davis repaid "between $6,048 and $6,912," as the amount of loss remains greater than $40,000 even if we subtract her repayment from the car's total value