116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jace D. HENMAN, Defendant-Appellant.
 No. 96-36171.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the District of Montana, D.C. No. CV-95-00020-BLG, CR-91-00019-JDS; Jack D. Shanstrom, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jace D. Henman, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for using a communication facility to commit a felony.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's denial of Henman's motion, see United States v. McMullen, 98 F.3d 1155, 1156 (9th Cir.1996), cert. denied, 1997 WL 251244 (June 9, 1997), and we remand the case to the district court for further proceedings.
 
 
 3
 In his section 2255 motion, Henman contended that his arresting officers violated the "knock and announce" statute, 18 U.S.C. § 3109, and that his attorney was ineffective for failing to contest this violation. In support of his claim, Henman's motion referred to trial testimony by his arresting officers. Rather than examining a transcript of the trial testimony, which has not yet been transcribed, the district court dismissed Henman's claim based on its examination of the transcript of a suppression hearing.[2] In order to fairly evaluate Henman's claims, the district court must examine the trial testimony to which Henman refers in his motion.
 
 
 4
 Henman also alleged in his section 2255 motion that his attorney was ineffective for failing to withdraw from the case and testify as a witness after a police officer informed her that Henman's arresting officers violated his Miranda rights, but then later told her that he would not testify to that effect. The district court denied this claim by reasoning that any testimony by Henman's attorney as to what the police officer told her would be inadmissible hearsay. We disagree because such testimony could be admissible for impeachment purposes. See Fed.R.Evid. 801(c) (defining hearsay as an out-of-court statement "offered in evidence to prove the truth of the matter asserted"); see also Fed.R.Evid. 607 (party calling witness may attack credibility). Accordingly, the district court must address the factual basis of Henman's claim. See 28 U.S.C. § 2255; Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam) (remanding for evidentiary hearing because section 2255 movant alleged facts which if true would entitle him to relief).
 
 
 5
 Finally, the district court failed to address Henman's claim that his attorney was ineffective for failing to apprise him of his right to have counsel appointed to represent him on appeal when she withdrew from the case.
 
 
 6
 For the foregoing reasons, we remand this case to the district court to conduct further proceedings as it deems necessary to resolve these issues.
 
 
 7
 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Henman filed his motion before April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 does not apply. See Jeffries v. Wood, No. 95-99003, slip op. at 5726 (9th Cir. May 12, 1997) (en banc)
 
 
 [2]
 In addition to a transcript of Henman's trial being unavailable, the District of Montana was unable to provide a transcript of the suppression hearing to which the district court refers in its order