116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emily SNEAD, Plaintiff-Appellant,
v.
METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, a
Delaware corporation, Defendant-Appellee.
 No. 96-35543.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997
Decided June 20, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-95-01576-HJF; Helen J. Frye, District Judge, Presiding.
 Before: BOOCHEVER, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Emily Snead appeals the district court's dismissal of her claims for intentional and reckless infliction of severe emotional distress. Snead alleges that Metropolitan, her employer, failed to prevent a former employee from stalking, harassing and threatening her after she informed the company of his conduct. The district court held that Oregon did not provide a cause of action for reckless infliction of emotional distress, that Snead did not state a claim for intentional infliction and that her claim was barred by the exclusivity provision of the Oregon workers' compensation statute. We affirm.
 
 
 3
 I. Intentional Infliction of Emotional Distress
 
 
 4
 The district court held that Snead did not state a claim for intentional infliction because she failed to "show that Metropolitan's inaction with respect to Snead and her fear of the actions taken by its former employee was extreme or outrageous or transgressed the bounds of socially tolerable conduct."
 
 
 5
 Under Oregon law a plaintiff must show that:
 
 
 6
 (1) defendant intended to inflict severe emotional distress on plaintiff, (2) defendant's acts did in fact cause plaintiff to suffer severe emotional distress, and (3) defendant's acts consisted of some extraordinary transgression of the bounds of socially tolerable conduct.
 
 
 7
 Lewis v. Oregon Beauty Supply Co., 733 P.2d 430, 436 (Or.1987) (quotation omitted).
 
 
 8
 Snead cannot support her argument that "the ongoing conduct by Defendant in choosing to take no remedial action in regard to the ongoing conduct of the stalker" was socially intolerable behavior. The cases upon which she relies allow an intentional infliction claim only where an employer had knowledge of a present employee's offensive conduct. See Whelan v. Albertson's, Inc., 879 P.2d 888, 892-93 (Or.App.1994); Mains v. II Morrow, Inc., 877 P.2d 88, 91 (Or.App.1994). No case supports Snead's allegation that an employer's failure to prevent a former employee's harassment not involving physical invasion of the workplace is extreme, outrageous or transgressed social boundaries.
 
 
 9
 II. Reckless Infliction of Emotional Distress
 
 
 10
 In dismissing Snead's reckless infliction claim, the district court held that "there is no cognizable claim for the reckless infliction of emotional distress under the laws of the State of Oregon." We do not address this issue because, assuming a cause of action for reckless infliction exists, Snead failed to state such a claim. She failed to demonstrate how Metropolitan recklessly inflicted harm upon her or how its actions transgressed "the bounds of socially tolerable conduct."
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3